UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MARVIN SMITH,

                                   Petitioner,

            -against-

DANIEL MARTUSELLO, Superintendent,
Coxsackie Correctional Facility,

                                   Respondent.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/17/12

**REPORT AND
RECOMMENDATION**

11 Civ. 2435 (VB) (GAY)

TO THE HONORABLE VINCENT L. BRICCETTI, United States District Judge:

On June 1, 1981, petitioner Marvin Smith ("petitioner" or "defendant") was

convicted in Westchester County, New York of first degree rape and first degree

sodomy.  As a result of said convictions, petitioner was required to register as a sex

offender pursuant to the Sex Offender Registration Act ("SORA").  See N.Y. Correction

Law § 168 *et seq.*  On February 26, 1997, while serving sentence for said convictions,

petitioner was classified as a level three sex offender; accordingly, petitioner was

required to "personally verify his . . . address with the local law enforcement agency

every ninety calendar days after the date of release or commencement of parole or

post-release supervision, or probation, . . . ."  See id. § 168-f(3).

On November 6, 2008, a Westchester County jury convicted petitioner of two

counts of failing to register or verify as a level three sex offender (on or about August

27, 2007 and on or about November 27, 2007).  On March 17, 2009, petitioner was

sentenced to two concurrent terms of imprisonment of one and one-third to four years.

Presently before this Court is petitioner's *pro se* Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

## I. PROCEDURAL HISTORY

On or about May 7, 2008, petitioner filed a *pro se* omnibus motion seeking various forms of pretrial relief including suppression of statements he made to law enforcement officials and dismissal of his case for lack of venue.  See Memorandum of Law and Respondent's Exhibits, Exhibit 4.[1]  By Decision and Order dated August 8, 2008, the Westchester County Court (Cohen, J.) *inter alia* held that venue was proper and ordered a pretrial *Huntley* hearing[2] to determine whether petitioner's statements were voluntary.  See Exh. 6 at 5-6.

On or about August 21, 2008, petitioner filed a *pro se* CPLR Article 78 petition challenging Judge Cohen's ruling that venue was proper and seeking to prohibit the Westchester County Court from prosecuting the indictment on the ground of lack of venue and/or geographic jurisdiction.  See Exh. 7.  By Decision and Order dated October 21, 2008, the Appellate Division denied petitioner's application.  See Smith v. Cohen, 55 A.D.3d 841, 865 N.Y.S.2d 558 (2d Dep't 2008).

The pretrial *Huntley* hearing was held on October 10, 2008 and October 15, 2008 in the Westchester County Supreme Court (Cohen, J.).  On October 17, 2008, the trial court ruled that petitioner's statements were admissible.  See Exh. 10.  Petitioner's case proceeded to trial on October 27, 2008.  The jury returned its verdict on November 6,

---

[1] Hereinafter, all citations to "Exh. ___" refer to exhibits attached to Respondent's Memorandum of Law.

[2] See People v. Huntley, 15 N.Y.2d 72 (1965).

-2-

2008; petitioner was sentenced on March 17, 2009.

Petitioner, by and through counsel, timely appealed the judgment of conviction to the Appellate Division, Second Department, on the grounds that: (1) Correction Law § 168(f)-3 is unconstitutionally vague and, alternatively, inapplicable to homeless people; (2) the trial court lacked geographical jurisdiction and venue was improper; (3) the trial court improperly denied petitioner's motion to suppress statements he made to City of White Plains police officers; (4) the trial court erroneously allowed Assistant District Attorney Mayes to testify at trial that he had seen petitioner in White Plains on three separate dates; and (5) the evidence was legally insufficient to sustain petitioner's conviction. See Brief of Defendant-Appellant, Exh. 15, at 8-32. The Second Department, by Decision and Order dated October 26, 2010, affirmed the judgment of conviction. See People v. Smith, 77 A.D.3d 980, 910 N.Y.S.2d 492 (2d Dep't 2010). The New York Court of Appeals denied petitioner leave to appeal on March 1, 2011. See People v. Smith, 16 N.Y.3d 837, 946 N.E.2d 189, 921 N.Y.S.2d 201 (2011).

On or about April 1, 2011, petitioner timely filed the instant Petition for a Writ of Habeas Corpus, wherein he asserted the following grounds for habeas relief: (1) the evidence was legally insufficient to sustain his conviction; (2) the trial court erred by failing to suppress petitioner's statements to White Plains police officers; (3) the trial court's ruling allowing ADA Mayes to testify as to petitioner's presence in White Plains violated his due process rights; (4) venue was improper; and (5) the trial court lacked geographical jurisdiction pursuant to CPL § 20.40. Petitioner filed a traverse on or about October 31, 2011, wherein he argued that (1) ADA Mayes' trial testimony was highly prejudicial and (2) petitioner was deprived of due process because the trial court

-3-

lacked geographical jurisdiction pursuant to CPL § 20.40 and CPL § 20.20.  See Docket #18.

By letter dated June 12, 2012, petitioner inquired as to the status of his petition and stated that "the only two (2) issues left to consider are: (1) Did the state courts deny me constitutional due process of law permitting ADA (Mayes) to testify, which was highly prejudicial; and (2) Did the state court lack geographical jurisdiction to prosecute the defendant?"  See Docket # 21.  Accordingly, the Court deems the remainder of petitioner's grounds for habeas relief withdrawn.

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  See 28 U.S.C. § 2254(a).  Subsequent to the enactment of the AEDPA, which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  A state court's decision is "contrary to" clearly established Federal law if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court of the United States]."  See

-4-

Williams v. Taylor, 529 U.S. 362, 405 (2000).

As to the "unreasonable application" prong, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  See id. at 411.  A state court decision involves an "unreasonable application" of Federal Supreme Court precedent if (1) "the state court identifies the correct legal rule from [Federal Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or (2) "the state court either unreasonably extends a legal principle from [Federal Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  See id. at 407.

Finally, under the AEDPA, the factual findings of state courts are presumed to be correct.  See 28 U.S.C. §2254(e)(1).  The petitioner must rebut this presumption by "clear and convincing evidence."  See id.

## III.  LACK OF GEOGRAPHICAL JURISDICTION

### A.  CPL § 20.20:  Procedural Bar

Federal habeas corpus review of a state court's denial of a state prisoner's federal constitutional claim is barred if the state court's decision rests on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "that failure to consider the claims will result in a fundamental miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).  See also Lee v. Kemna, 534 U.S. 362, 375 (2002).  Where a state court has

expressly relied on a procedural default, federal habeas review is foreclosed even if the state court also addressed the merits of the federal claim.  See Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (federal habeas review barred where state court held claim "not preserved for appellate review" but then ruled on the merits of the claim "in any event").

A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question."  Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir. 2006) (internal quotation and citation omitted).  Further, the adequacy of a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances."  See Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003).  To this end, the Second Circuit has set forth the following "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).

Here, petitioner alleges that he was deprived of due process because New York State lacked geographical jurisdiction pursuant to CPL § 20.20.  Specifically, petitioner contends that there was no evidence that he resided in New York State during the relevant time frame.  Petitioner presented said claim on direct appeal to the Appellate Division; the Second Department held that said claim was "unpreserved for appellate

review and, in any event, without merit."  See Smith, 77 A.D.3d 980, 910 N.Y.S.2d 492.

Section 470.05(2) of New York's Criminal Procedure Law, known as New York's "contemporaneous objection rule" requires a party to make a contemporaneous objection to any alleged legal error during a criminal trial to allow the trial court an opportunity to correct the alleged error.  See Gutierrez v. Smith, No. 10-4478-pr, 2012 WL 6123764, at *5 (2d Cir. Dec. 11, 2012).  The record here reveals that, while petitioner objected to the trial court's lack of jurisdiction pursuant to CPL § 20.40 throughout the lower court proceedings (via his claims of improper venue), he did not challenge New York State's jurisdiction under CPL § 20.20 until he raised it on appeal. The Second Department's decision contained a plain statement that petitioner's CPL § 20.20 claim was "unpreserved."  Although the state court also rejected said claim on its merits, the Appellate Division explicitly invoked an "independent" state procedural ground as a basis for its decision.  The Second Circuit has consistently recognized New York's contemporaneous objection rule as an independent and adequate state procedural rule barring habeas review.  See, e.g., Brown v. Ercole, 353 Fed. App'x 518, 520 (2d Cir. 2009);  Donaldson v. Ercole, No. 06-5781-pr, 2009 WL 82716, at *2 (2d Cir. Jan. 14, 2009);  Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007);  Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999) (federal courts "have observed and deferred to New York's consistent application of its contemporaneous objection rules").

Because there is an adequate and independent finding by the Appellate Division that petitioner procedurally defaulted on the CPL § 20.20 claim he now asserts as grounds for habeas relief, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750. Petitioner, however, has made no attempt to show cause or prejudice, and there is no indication that this Court's failure to address the merits of the unpreserved claim would result in a fundamental miscarriage of justice. Accordingly, I conclude, and respectfully recommend, that petitioner's procedural default bars federal review of his claim that New York State lacked geographical jurisdiction pursuant to CPL § 20.20.

    B. CPL § 20.40

    Petitioner also alleges that he was deprived of due process—and thus entitled to habeas relief—because the trial court lacked geographical jurisdiction pursuant to CPL § 20.40. The Second Circuit has held that said jurisdictional argument "fails to raise an issue of federal law, which is an essential prerequisite to habeas relief." United States ex rel. Roche v. Scully, 739 F.2d 739, 741 (2d Cir. 1984). More specifically,

> [a]lthough New York has chosen to style § 20.40 of its Criminal Procedure Law in terms of "jurisdiction," the statute is in fact concerned with venue. . . . A violation of [New York's] laws allocating that jurisdiction among its various counties does not create a federal constitutional issue. As we stated in United States v. Mancusi, 415 F.2d 205, 209 (2d Cir. 1969), "no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law."

See Roche, 739 F.2d at 741-42.

    Petitioner raised said issue on direct appeal; the Appellate Division held that venue was proper in Westchester County pursuant to CPL § 20.40(3). See Smith, 77 A.D.3d 980, 910 N.Y.S.2d 492. "The application—or misapplication—of state subject matter jurisdiction rules raises no constitutional issues, due process or otherwise."

United States v. Kerley, 416 F.3d 176, 182 (2d Cir. 2005).  In sum, petitioner has failed to establish that the state court's decision with respect to CPL § 20.40 was contrary to, or involved an unreasonable application of, clearly established Federal law. Accordingly, I respectfully recommend that petitioner's claim that the trial court lacked geographical jurisdiction pursuant to CPL § 20.40 is without merit and should be denied.

## IV.  TESTIMONY OF ADA MAYES

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1).  A habeas petitioner satisfies the exhaustion requirement if he has presented his claims for post-conviction relief to the highest state court.  See Humphrey v. Cady, 405 U.S. 504, 516 (1972); Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). More specifically, "[t]he exhaustion requirement may be satisfied by raising the federal claim on direct appeal to the state's highest court or by collateral attack of the conviction and subsequent appeal of the denial of that application to the state's highest court." Harris v. Hollins, No. 95 Civ. 4376, 1997 WL 5909, at *2 (S.D.N.Y. Jan. 7, 1997). Further, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation omitted).  To properly exhaust a state court remedy, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005).  This requires the petitioner to have set forth in state court "all of the essential factual allegations asserted in his

federal petition," coupled with "essentially the same legal doctrine he asserts in his federal petition." Daye v. Attorney Gen. of New York, 696 F.2d 186, 191-92 (2d Cir. 1982) (en banc).  To this end, the Second Circuit has delineated a number of ways in which a petitioner may fairly apprise the state court of the constitutional nature of his claim, including: "a) reliance on pertinent federal cases employing constitutional analysis, b) reliance on state cases employing constitutional analysis in like fact situations, c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation."  See Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011).

Here, petitioner argues that he is entitled to habeas relief because the trial court's ruling allowing ADA Mayes to testify as to petitioner's presence in White Plains violated his due process rights.  Upon examination of the record, I conclude, and respectfully recommend, that petitioner failed to properly exhaust said claim.  On direct appeal to the Second Department, petitioner argued that Mayes' testimony was misleading and that petitioner was deprived of a fair trial because the prejudicial effect of Mayes' testimony far outweighed its probative value.  See Exh. 15, at 19-23.  In support of said argument, petitioner's sole citation was to a Fourth Department case for the proposition that "[r]edacted testimony and evidence is impermissible, and constitutes reversible error if it is misleading."  See id. at 23.  I cannot conclude that petitioner's general argument to the Appellate Division "made clear that he was asserting federal constitutional rights."  See Petrucelli v. Coombe, 735 F.2d 684, 690 (2d Cir. 1984) (difference between classifying a petitioner's argument as a state law evidentiary issue

-10-

or a federal constitutional issue is "more than semantical" because trial judges typically have discretion when deciding evidentiary issues but not "when the argument is raised to the federal constitutional level").  Further, the fact that petitioner asserted that he was deprived of a "fair trial" because the trial court allowed Mayes to testify did not put the state court on notice that petitioner was asserting a federal due process violation.  See Daye, 696 F.3d at 195 ("[N]ot every event in a criminal proceeding that might be described as 'unfair' would be a violation of the defendant's rights under the Constitution."); Delesline v. Conway, 755 F. Supp.2d 487, 497 (S.D.N.Y. 2010) ("[T]he exhaustion requirement is not automatically satisfied every time an alleged trial error is claimed to deny a defendant a 'fair trial,' as the unfair trial claim implies a claim under state law rather than the Constitution.").  Accordingly, I conclude, and respectfully recommend, that petitioner's due process claim based upon ADA Mayes' testimony is unexhausted.

Nevertheless, said claim is "deemed exhausted" since petitioner no longer has remedies available in the state courts.  See Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994).  Petitioner cannot again seek leave to appeal his claim in the Appellate Division or Court of Appeals because he has already made the one request for leave to appeal to which he is entitled.  See N.Y. Ct. Rules § 500.20(a); N.Y. Crim. Proc. Law § 460.15. Further, petitioner is precluded from raising his claim in a collateral proceeding because he could have presented it on direct appeal but did not.  See N.Y. Crim. Proc. Law § 440.10(2)(c).

Although petitioner's due process claim based upon ADA Mayes' testimony is deemed exhausted, petitioner's forfeiture of said claim in state court "bars him from

litigating the merits of [said claim] in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom." See Grey, 933 F.2d at 121.  Alternatively, said claim–while otherwise procedurally barred–may receive federal habeas review if petitioner shows that the failure to consider the claim will result in a fundamental miscarriage of justice because "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).  Here, however, petitioner does not allege cause or prejudice for his procedural default, nor does he allege that this Court's failure to address the merits of said claims would result in a fundamental miscarriage of justice.  Accordingly, I respectfully recommend that petitioner's due process claim based upon ADA Mayes' testimony is procedurally barred from consideration by this Court and must be dismissed.[3]

## VII. CONCLUSION

For the reasons set forth above, I conclude–and respectfully recommend that Your Honor should conclude–that the instant petition for a writ of habeas corpus be denied in its entirety.[4]

---

[3] Dismissal of claim for habeas relief on the ground of procedural default amounts to "a disposition of the habeas claim on the merits." See Carvajal, 633 F.3d at 104.

[4] Attached to this Report and Recommendation are copies of all unpublished opinions and decisions available only in electronic form cited herein.  See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

**VIII. NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from the receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2254 proceedings;  Fed. R. Civ. P. 6(d).  Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Vincent L. Briccetti at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Vincent L. Briccetti and not to the undersigned.

Dated:   December 17, 2012
            White Plains, New York

Respectfully submitted,

GEORGE A. YANTHIS, U.S.M.J.

-13-