```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARVIN SMITH,                                     :
                    Petitioner,                   :
                                                  :         MEMORANDUM DECISION
v.                                                :
                                                  :         11 CV 2435 (VB)
DANIEL MURTUSELLO, Superintendant,                :
Coxsackie Correctional Facility,                  :
                    Respondent.                   :
--------------------------------------------------------------x
```

Briccetti, J.:

Now pending before the Court is Magistrate Judge George A. Yanthis's Report and Recommendation ("R&R"), dated December 17, 2012 (Doc. # 22), on Marvin Smith's petition for a writ of habeas corpus. For the following reasons, the Court adopts the R&R as the opinion of the Court. The petition is DENIED.

The Court presumes familiarity with the factual and procedural background of this case.

I.      Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the recommended ruling, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only

1

conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  "Of course, as petitioner is proceeding pro se, this Court will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  But petitioner will not be afforded a "second bite at the apple" by re-litigating arguments previously rejected by the magistrate judge.  Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it."  Cousin v. Bennett, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)).  The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

II.     Petitioner's Objections

Petitioner objects to Judge Yanthis's conclusions in the R&R on two grounds:  (1) the state court lacked geographical jurisdiction; and (2) Assistant District Attorney Mayes's testimony at trial denied petitioner due process of law under the Fourteenth Amendment.

Petitioner's objections merely reiterate his earlier arguments made before Judge Yanthis. (See Traverse (Doc. #18) at 16-23, 24-28-A).  Thus, the Court reviews the R&R for clear error. Kirk v. Burge, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (citations omitted).  Having found no such error, the Court adopts the R&R in its entirety for the reasons stated therein.

## CONCLUSION

Upon the appropriate review of the record, the Court finds Magistrate Judge Yanthis's R&R to be a clear and proper statement and application of the law.  The Court therefore adopts the R&R as its decision, and the petition is denied.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to close this case.

Dated:  April 5, 2013
         White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge